■ In the Matter of CITY OF ROCHESTER, Appellant, v. SALVATORE W. JULIAN et al., Respondents.— Judgment unanimously modified in accordance with memorandum, and as so modified affirmed, without costs. Memorandum: The evidence established that the improvements herein constituted a specialty (see *Keator* v. *State of New York,* 23 N· Y 2d 337; *D'Amico* v. *State of New York,* 37 A D 2d 681; *Matter of City of New Rochelle* v. *Sound Operating Corp.,* 30 A D 2d 861). The principal comparable upon which the court relied with respect to land value had a square foot land value of $3.01, to which the court added 25% for annual increments. The court erred in finding that figure to be $4.50, instead of $3.76 per square foot. The court adjusted the $4.50 downward to $2.50, a reduction of 44%. Reducing the $3.76 result by such percentage yields $2.10. The court added 10% for side street influence. Adding 10% or 21 cents to the $2.10 figure produces $2.31 per square foot as the resulting value of the subject land, based on the adjustment of the comparable. Applying that figure to the 15,449 square feet in the subject parcel, yields a land value of $35,687, rounded to $35,700. This amounts to a reduction of $6,800 from the amount awarded by the trial court, namely, $148,040, thus reducing the award to $141,240. It was proper for Special Term in its discretion to grant an additional allowance to defendants of 5% (*Matter of City of Rochester* v. *Rock Mar Enterprises,* affd. 40 A D 2d 931; and see *Matter of Dodge* v. *Tierney,* 40 A D 2d 936). Such allowance, however, should be computed on the award as modified and is thus reduced to the sum of $7,062. (Appeal from

judgment of Monroe Trial Term, in condemnation proceeding.) Present —
Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.